GEORGE R. McNEILL v. TOWN OF WHITEVILLE.

(Filed 3 October, 1923.)

Taxation — Municipal Corporations — Cities and Towns — Sewerage — Necessary Expense.

A sewerage system, being necessarily used by a municipal corporation in connection with its water system, required for the health of its citizens, is a necessary expense within the intent and meaning of the Constitution, and does not require for the validity of bonds issued for that purpose an approval by the vote of the electors; and the statute of 1923, authorizing an alternate method of financing an installation of sewerage, does not take away the power conferred by the general municipal statute; and the amount of a bonded indebtedness for this purpose may be deducted from the gross debt of the municipality in computing its net indebtedness.

APPEAL by plaintiff from Cranmer, J., at chambers, 14 September, 1923.

This is a case agreed, in a controversy submitted without action. The plaintiff is a resident and taxpayer of the town of Whiteville, this State, and the defendant is a municipal corporation. The State Board of Health has made a survey of the town of Whiteville and on the manner of disposing of the sewage in said town. It has condemned the same, and suggests and advises that an up-to-date sewerage system be installed in said town, and that it is necessary for the preservation of the health of the public.

The defendant is now engaged in installing a water system, which will be ready for use at an early day, and has been advised by the State Board of Health that it will be a menace to the public health if the said system is put in general operation before the sewerage system has been installed. The defendant proposes to begin the construction of a sewerage system at an early day, and, for the purpose of paying for the same, intends to issue bonds in the sum of $75,000 under and by virtue of authority conferred by the Municipal Finance Act, chapter 106, Laws Extra Session 1921.

It is agreed that the net indebtedness of the defendant is $105,500, and that the assessed valuation for the property in said town for the year 1922 was $1,489,232, and that if the defendant is not allowed to deduct the bonds hereinbefore referred to, the net indebtedness of the town will exceed 8 per cent of the assessed valuation of the property of said town.

The Court, Cranmer, J., held that the defendant, in computing its net indebtedness, is entitled to include in the deduction from its gross indebtedness the aforesaid proposed new issue of $75,000 for bonds to be issued for sewerage purposes. Appeal by plaintiff.

*H. L. Lyon* for *plaintiff*.
*M. H. Schulken* for *defendant*.

CLARK, C. J.   It has been held in this Court on numerous occasions that water and sewerage bonds are for a necessary expense, and as such can be issued without the approval of the voters.  *Swindell v. Belhaven,* 173 N. C., 1.   This principle has not been changed by chapter 106, Extra Session 1921.   It is true that section 2943 of said chapter does not specifically mention sewerage bonds in naming the deductions to be considered in arriving at the net indebtedness of a municipality; but it does include in said section 2943 (b) in "the deductions to be made from gross debt in computing net debt," among the items (subsection 5), on 142: "The amount of bonded debt included in the gross debt incurred or to be incurred for water, gas, electric light or power purposes or two or more of the said purposes."   We are of opinion that a water system for a city or town is incomplete without the means of taking care of the waste and to carry away the water after the same has been used.   When it is said that a town has a water system, we understand, of course, that it is coupled with a sewerage system as an integral part thereof.   The General Assembly, when it enacted the Municipal Finance Act, could not have intended to leave out so important a part of a town water system as the sewerage, which takes care of the waste.

We think his Honor was correct in holding that in estimating the percentage of indebtedness which a town is entitled to incur, which is reached by deducting from its gross debt the indebtedness incurred or to be incurred for a water system, properly included therein a reasonable and just amount of bonded indebtedness for the sewerage system as a part thereof.

We do not think that the fact that the General Assembly has by chapter 166, Laws 1923, authorized an alternative method of financing an installation of sewerage in any wise militates against the plan the town has adopted.   The act of 1923, while giving towns the privilege of adopting a different system, does not deprive them of the power to proceed in the manner which its authorities in this case have seen fit to adopt.   Indeed, the act is careful to provide that it shall not repeal any other method or proceedings that has been authorized or adopted for providing sewerage.

It is not claimed before us that $75,000 is not a reasonable and just allotment for that purpose.   The judgment of the court below is
   Affirmed.