C. W. LAMB v. CITY OF RANDLEMAN.

(Filed 11 July, 1934.)

1. **Taxation A a: A b—Municipality held authorized to issue bonds for water and sewer systems in excess of 8% of tax valuation.**

A municipal corporation may issue bonds for a sewer system ordered by the State Board of Health and bonds for a water system even though the total indebtedness of the town exceeds eight per cent of its assessed valuation, such bonds being for necessary expenses not requiring a vote,

Art. VII, sec. 7, of the Constitution, and being authorized by the Municipal Finance Act, N. C. Code, 2636, *et seq.*, and the issuance of the bonds not coming within the inhibition of N. C. Code, 2943(2), against incurring debt in excess of eight per cent of the assessed valuation, the bonds coming within the exception provided in that section relating to bonds for water purposes, which includes sewer systems, and the exception relating to bonds for sewer systems ordered by the State Board of Health.

**2. Taxation A b—Bonds for water and sewer systems should be deducted from gross debt in determining net debt of municipality.**

Bonds issued by a municipality for water and sewer systems should be deducted from the gross debt in computing the net debt of the municipality in relation to the prohibition against incurring debt in excess of eight per cent of the assessed valuation of property for taxation, bonds for sewer systems being necessarily included in bonds for "water purposes" within the meaning of N. C. Code, 2943, subsection 1(5).

**3. Municipal Corporations B a—**

The State Board of Health is given authority by the Municipal Finance Act, N. C. Code, 2943(2), to order the construction of sewer systems by municipalities.

APPEAL by plaintiff from *Harding, J.,* at Chambers in Concord, 25 April, 1934. From RANDOLPH. Affirmed.

This is a civil action to restrain and enjoin the city of Randleman from issuing and selling bonds (1) in the sum of $79,293.01 for a water system and (2) in the sum of $89,706.99 for a sewer system, in pursuance of bond ordinances passed by the city on 23 February, 1934.

The plaintiff contends that the passage of these ordinances was not accomplished in accord with the Municipal Finance Act, more particularly in that it does not appear that the net debt of the city of Randleman is within eight (8) per centum of its assessed property valuation, and that therefore the passage of the ordinances authorizing the issuance of these bonds, totaling $169,000, was in contravention of subsection 2, of section 2943, Consolidated Statutes, being a part of said finance act, as follows:

"2. Limitation upon passage of ordinance. The ordinance shall not be passed unless it appears from said statement that the said net debt does not exceed eight (8) per cent of said assessed valuation, unless the bonds to be issued under the ordinance are to be funding or refunding bonds, or are bonds for water, gas, electric light or power purposes, or two or more of said purposes, or are bonds for sanitary sewers, sewage disposal or sewage purification plants, the construction of which shall have been ordered by the State Board of Health or by a court of competent jurisdiction."

*J. A. Spence for appellant.*
*H. M. Robins for appellee.*

SCHENCK, J. "It is well settled that under Article VII, section 7, of the Constitution, counties, cities and towns and other municipal corporations are given authority to contract debts for the necessary expenses thereof, without the sanction of a majority of the qualified voters. That section indirectly, but explicitly, permits the exercise by municipal corporations of the power of making provisions for necessary expenses, free from the restraint imposed in other cases." *Swindell v. Belhaven,* 173 N. C., 1, and statutory authority for the issuance of the bonds here involved is found in the Municipal Finance Act, Art. 26, being sections 2936 *et seq.,* Consolidated Statutes, as amended and brought forward in Michie's 1933 Supplement to N. C. Code.

Although the decision of this controversy does not turn upon whether the bonds under consideration should be included in the deductions to be made from the gross debt in computing the net debt of the municipality, as provided by subsection 1(b), of section 2943, Consolidated Statutes, since the question is debated in the briefs, we express the opinion that they should be so included in such deductions. Subsection 1(5), which enumerates a certain class of deductions to be made, reads: "The amount of bonded debt included in the gross debt and incurred, or to be incurred, for *water,* gas, electric light or power *purposes,* or two or more of said purposes." The words "for water . . . purposes," by natural and necessary implication, embrace sewer purposes or a sewer system. *McNeill v. Whiteville,* 186 N. C., 163.

As stated in the briefs of the parties, the determinative question involved in this case is whether the limitation of the net debt to eight (8) per centum of the assessed valuation as set forth in section 2943, subsection 2, is a bar to the passage of ordinances authorizing the issuance of bonds for the construction of a water system and of a sewer system, it being admitted that the net debt of the city of Randleman was at least nine and one-tenth (9.1) per centum of the assessed valuation of its property as last fixed for taxation. We are of the opinion that the limitation is not such a bar.

The bonds for "water system" come clearly within the letter of the exception to the eight (8) per centum limitation reading "unless the bonds to be issued under the ordinance . . . are for *water,* gas, electric light or power *purposes,* or two or more of said purposes."

We also think that "water purposes" include "sewer system," *McNeill v. Whiteville, supra,* and, therefore the bonds for the latter purpose are within the exception quoted. But however this may be, it is found as a fact that the State Board of Health ordered the construction of the sewer system for which the bonds are sought to be issued, and this manifestly brings the bonds for a "sewer system" within the last clause of the exception to the eight (8) per centum limitation, reading "or

are bonds for sanitary *sewers,* sewage disposal or sewage purification plants, the construction of which shall have been *ordered by the State Board of Health* or by a court of competent jurisdiction." We do not agree with counsel for appellant that the State Board of Health was without authority to order the construction of the sewer system. We think the act just quoted confers this authority.

All prerequisites to the passage of the bond ordinances in question (both water and sewer) are either admitted or found, if such passage is not inhibited by the statutory limitation of the net debt of a municipality to eight (8) per centum of the assessed valuation of its property as last fixed for taxation, and since we are of the opinion that their passage is not so inhibited, we conclude that his Honor committed no error in holding that the proposed bonds for $79,293.01 for a "water system" and for $89,706.99 for a "sewer system," when issued and sold, would constitute a valid and binding obligation of the city of Randleman, and in dissolving the restraining order for that reason.

Affirmed.